IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 24-cv-00825-CNS

ALI NEJATBAKHSH AZADANI,

    Plaintiff,

v.

ERIC GAUDIOSI, in an official capacity as Deputy Chief of Mission, U.S. Embassy in the United Arab Emirates, and
ANTHONY BLINKEN, in official capacity as Secretary of the U.S. Department of State,

    Defendants.

**ORDER**

Before the Court is Defendants' Motion to Dismiss Plaintiff's Petition for Writ of Mandamus and Complaint for Injunctive Relief. ECF No. 9. For the following reasons, the Court grants the motion in part and denies it in part.

I. **BACKGROUND**

Plaintiff, a U.S. citizen living in Colorado, seeks an order expediting the re-adjudication of his mother's visa application. ECF No. 1. In September 2020, Plaintiff filed an I-130 petition with the United States Citizenship and Immigration Services (USCIS) on behalf of his mother, Haydeh Agha Hosseini Naeini, to begin her process of becoming a lawful permanent resident.[1] *Id.*, ¶¶ 2, 20. USCIS approved the petition in May 2021. *Id.*, ¶¶ 3, 19. Ms. Naeini was interviewed by a consular officer of the U.S. Embassy in the

---

[1] Plaintiff also filed a petition on behalf of his father. His father's petition was approved, and his visa was issued. *Id.* ¶ 8.

1

United Arab Emirates in June 2023. *Id.*, ¶ 21. On June 5, 2023, Ms. Naeini was provided a notice of refusal pursuant to the Immigration and Nationality Act (INA) § 221(g). *Id.*, ¶ 23; ECF No. 10 at 8 (reply). A refusal under INA § 221(g) places an application into administrative processing. *Id.*, ¶ 24. The notice stated that "this refusal may be overcome once the missing documentation is submitted and/or administrative processing is completed." *Id.* On June 26, 2023, the consular officer requested that Ms. Naeini complete a DS-5535 "Supplementary Questions for Visa Applicants," and wrote to her, "Dear applicant, Your case is subject to administrative processing. Your application cannot be finalized until you have submitted this questionnaire." *Id.* Ms. Naeini promptly completed and submitted the questionnaire. *Id.* Since then, her application has remained in administrative processing. *Id.*

Plaintiff filed suit on March 26, 2024. ECF No. 1. Plaintiff alleges that Defendants have failed to adjudicate the visa application within a reasonable time and requests that the Court compel Defendants to adjudicate Ms. Naeini's visa application. *Id.* Defendants filed a motion to dismiss on June 11, 2024.

## II.  LEGAL STANDARD

### A.  Federal Rule of Civil Procedure 12(b)(1)

To survive a Rule of Civil Procedure 12(b)(1) motion to dismiss, "a plaintiff must demonstrate that the court has subject matter jurisdiction." *Audubon of Kan., v. U.S. Dep't of Interior*, 67 F.4th 1093, 1108 (10th Cir. 2023). "A Rule 12(b)(1) motion to dismiss only requires the court to determine whether it has authority to adjudicate the matter." *Kenney v. Helix TCS, Inc.,* 939 F.3d 1106, 1108 (10th Cir. 2019). "The party invoking federal jurisdiction has the burden to establish that it is proper, and there is a presumption against

its existence." *Salzer v. SSM Health Care of Okla. Inc.*, 762 F.3d 1130, 1134 (10th Cir. 2014) (internal quotations omitted).

A defendant may challenge subject matter jurisdiction under Federal Rule 12(b)(1) by "facial[] attack [of] the complaint's allegations." *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1000, 1002 (10th Cir. 1995). When a party brings a facial attack, courts must accept a complaint's allegations as true. *Safe Streets Alliance v. Hickenlooper*, 859 F.3d 865, 877 (10th Cir. 2017).

### B. Federal Rule of Civil Procedure 12(b)(6)

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Based on this standard, dismissal may occur "either because [the claim] asserts a legal theory not cognizable as a matter of law or because the claim fails to allege sufficient facts to support a cognizable legal claim." *Bd. Of Cnty. Comm'rs v. Brown Group Retail, Inc.*, 598 F.Supp.2d 1185, 1191 (D. Colo. 2009).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true and interpreted in the light most favorable to the non-moving party, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Plausible" in this context refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the [claimant] 'ha[s] not nudged their claims across the line from conceivable to plausible.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "Plausible," however, "does not refer to the likelihood that the allegations can be proven or even that

the allegations are true." *Bd. Of Cnty. Commr's*, 598 F. Supp. 2d at 1191–92. Indeed, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Dias v. City & Cty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (internal quotations and citation omitted).

### III.  ANALYSIS

Plaintiff brings an unreasonable delay claim under the Administrative Procedure Act (APA), 5 U.S.C. § 706(1), and the Mandamus Act.[2] Section 706 states that "the reviewing court shall (1) compel agency action unlawfully withheld or unreasonably delayed." The Tenth Circuit allows § 706(1) failure-to-act claims when a plaintiff identifies a "failure to take an agency action" that is "(1) discrete and (2) legally required." *Audubon of Kansas, Inc. v. United States Dep't of the Interior*, 67 F.4th 1093, 1108 (10th Cir. 2023). Adjudication of a submitted visa application is a discrete and legally required agency action. Under 22 C.F.R. § 42.81(a), "the consular officer must issue the visa, refuse the visa under INA 212(a) or 221(g) or other applicable law or, pursuant to an outstanding order under INA 243(d), discontinue granting the visa." Separately, § 555(b) of the APA provides that, "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." As a threshold matter, unreasonable delay claims are available under § 706(1) to compel adjudication of submitted visa applications because such adjudication is a discrete and required action.

---

[2] When the relief sought through the Mandamus Act is essentially the same as that sought under the APA, courts can consider the claim under the APA alone. *Indep. Mining Co. v. Babbit*, 105 F.3d 502, 507 (9th Cir. 1997) ("Because the relief sought is essentially the same, in the form of mandamus, we elect to analyze IMC's entitlement to relief under the APA."). Therefore, the Court considers the claim only under the APA.

Here, Defendants argue that judicial review is unavailable because it is blocked by the doctrine of consular nonreviewability. They also argue that Plaintiff failed to plausibly allege an unreasonable delay claim or a due process claim, and that the Mandamus Act claim should be dismissed because APA relief is available. The Court will address each of these arguments in turn.

### A.  Final Agency Action and the Consular Nonreviewability Doctrine

Defendants first argue that Plaintiff's claims must be dismissed because a final agency action has already occurred, so the request for the Court to compel adjudication is moot. Similarly, Defendants argue that the consular nonreviewability doctrine bars judicial review of this action because the denial constitutes a "visa decision," which is not reviewable under the doctrine. The Court disagrees on both counts.

The consular nonreviewability doctrine provides that "a consular official's decision to issue or withhold a visa is not subject to judicial review," unless Congress specifies otherwise. *Saavedra Bruno v. Albright*, 197 F.3d 1153, 1159 (D.C. Cir. 1999) (collecting cases). However, there are exceptions to this doctrine. Relevant here, the consular nonreviewability doctrine does not apply where the plaintiffs "do not seek judicial review of a consular decision, but instead seek a final decision on their applications." *Didban v. Pompeo*, 435 F. Supp. 3d 168, 174 (D.D.C. 2020); *see also Patel v. Reno*, 134 F.3d 929, 931–32 (9th Cir. 1997).

Courts disagree as to whether a denial placing an application into administrative processing counts as a final decision. *See, e.g., Aghabeigi v. Dep't of State*, No. 23-1167 2024 WL 1344412, at *9 (D.D.C. March 29, 2024) (holding that consular nonreviewability doctrine does not preclude the court from reviewing adjudication of visa application in

administrative processing because no final decision had been made); *Ahmed v. Blinken*, No. 24-153 (LLA), 2024 WL 4903771, at *4 (D.D.C. Nov. 27, 2024) (same); *Farahani v. Laitinen*, No. 1:23-CV-922, 2024 WL 2785043, at *4 (M.D. N.C. May 30, 2024) (the position that denial placing visa into administrative processing is final "contradicts the persuasive reasoning of numerous courts and would, in effect, permit administrative processing to carry on indefinitely without judicial review."); *Abbassi v. Gaudiosi*, No. 1:23-cv-01573-CDB, 2024 WL 1995246, at *4 (E.D. Cal. May 6, 2024) ("the Court agrees with what it perceives as the prevailing position among most other district courts to have considered the issue . . . finding that the doctrine does not bar review of an as-yet final adjudication of a visa application in administrative processing."); *but see Conley v. U.S. Dep't of State*, No. 24-10131-FDS, 2024 WL 1640074, at *1, *4 (D. Mass. Apr. 16, 2024) (holding that denial placing visa application into administrative processing is a final decision, so plaintiff failed to state an unreasonable delay claim); *Hussein v. Beecroft*, 782 Fed. App'x 437, 440, 442 (6th Cir. 2019) (holding that denial placing application in administrative processing is a decision, so consulate had satisfied its duty to adjudicate and mandamus relief was unavailable); *Senobarian v. Blinken*, Case No. 2:23-cv-07208-ODW, 2024 WL 897566, at *3 (C.D. Cal. Feb. 29, 2024) (same); *Tariq v. Blinken*, No. 3:21-cv-02841-M, 2023 WL 2661543, at *1 (N.D. Tex. Jan. 31, 2023) (same); *Karimova v. Abate*, No. 23-5178, 2024 WL 3517852, at *6 (D.C. Cir. July 24, 2024) (unpublished) (affirming dismissal of § 706(1) claims because there is no duty to re-adjudicate a refused application).

The latter group of cases reason that a denial is a final decision, even if the denial "might be subject to reconsideration in the future" because "almost any agency decision

could be reconsidered or revised." *Conley*, 2024 WL 1640074, at *1, *4 (D. Mass. Apr. 16, 2024). Because the regulations only require a consular officer to issue or refuse a visa, once they have denied the visa (even if it is still in administrative processing), there is no longer any regulatory duty to act on the application. *See Karimova*, 2024 WL 3517852, at *6.

The Court, however, is persuaded by the first line of cases. While it is true that the consular officer issued a denial, that is not the end of the process. An application placed in administrative processing can still be granted, after more information is provided. A denial placing an application into administrative processing is different from other agency decisions because there is more than a "mere possibility that an agency might reconsider." *Sackett v. E.P.A.*, 566 U.S. 120, 127 (2012). Instead, the application was denied and placed in administrative processing, which necessarily involves additional consideration and a subsequent final decision. "The status of 'administrative processing' coupled with the government's request of the visa applicant for additional information suggests the application 'has not been adjudicated to a final refusal.'" *Abbassi*, 2024 WL 1995246, at *4 (citing *Gonzalez v. Baran*, No. 2:21-cv-05902-CAS-ASx, 2022 WL 1843148, at *3 (C.D. Cal. Jan. 11, 2022)). The language of Ms. Naeini's denial indicates that it is not a final decision: "[y]our case is subject to administrative processing. Your application *cannot be finalized* until you have submitted this questionnaire." ECF No. 10 at 8 (emphasis added). The Court finds that the consular officer did not make a final decision, so the doctrine of consular nonreviewability does not apply.

This reasoning similarly preserves APA review. As the District of D.C. held, "[i]f Plaintiffs' applications are still under consideration, such that their visas may yet issue,

7

then the [State] Department's obligations under 5 U.S.C. §§ 555(b) and 706(1) continue to apply with equal force." *Khazaei v. Blinken*, No. 23-1419 (JEB), 2023 WL 6065095, at *5 (D.D.C. Sept. 18, 2023). Again, while the consular officer issued a "denial," that denial did not end the process, as the application is still under consideration. Thus, the unreasonable delay claim is justiciable.

### B. Failure to State an Unreasonable Delay Claim

Defendants next argue that Plaintiff failed to state a claim for unreasonable delay under the APA. The Tenth Circuit analyzes unreasonable delay claims under § 706(1) using the five *Qwest* factors: (1) the extent of the agency's delay, (2) the reasonableness of the delay in the context of the legislation authorizing agency action, (3) the consequences of the delay, (4) administrative difficulties bearing on the agency's ability to resolve an issue, and (5) the complexity of the task envisioned by a court's remand order. *Qwest Commc'ns Int'l Inc. v. Fed. Commc'ns Comm'n*, 398 F.3d 1222, 1238–39 (10th Cir. 2005).

However, various courts have explained that a "claim of unreasonable delay is necessarily fact dependent and thus sits uncomfortably at the motion to dismiss stage and should not typically be resolved at that stage." *Barrios Garcia v. U.S. Dep't of Homeland Sec.*, 25 F.4th 430, 451 (6th Cir. 2022) (quoting *Gonzalez*, 985 F.3d at 375); *see also Mashpee Wampanoag Tribal Council, Inc. v. Norton*, 336 F.3d 1094, 1100 (D.C. Cir. 2003) ("Resolution of a claim of unreasonable delay is ordinarily a complicated and nuanced task requiring consideration of the particular facts and circumstances before the court."). The Court agrees. The *Qwest* factors are necessarily fact dependent and there is not enough information in the pleadings to adequately analyze them. Plaintiffs

8

adequately pleaded each of the *Qwest* factors. The claims have been pending for about 18 months; such a delay may be unreasonable in light of the circumstances and the 180-day target for processing immigration benefit applications laid out in 8 U.S.C. § 1571(b); Plaintiff faces stress, emotional hardship, and expense caused by his mother's inability to immigrate to United States; and the administrative difficulties and complexity of the task are unclear and potentially outweighed by the other factors. ECF No. 1, ¶¶ 8–11, 31; ECF No. 10 at 19. Because Plaintiffs adequately pleaded unreasonable delay, the Court denies the motion to dismiss the APA claims.

### C. Mandamus Act Claim

Defendants next argue that the Court should dismiss Plaintiff's mandamus act claim because he has a remedy under the APA. The Court agrees.

The Mandamus Act provides the district courts with original jurisdiction of "any action in the nature of mandamus to compel . . . any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. 1361. Mandamus relief is available only where a plaintiff "has no other adequate remedy" under the law. *Rios v. Ziglar*, 398 F.3d 1201, 1206 (10th Cir. 2005). Because Plaintiff has alleged an APA claim, mandamus relief is not available. The Court, therefore, grants the motion to dismiss the Mandamus Act claims. *See Lara-Esperanza v. Mayorkas,* No. 23-cv-01415-NYW-MEH, 2023 WL 7003418, at *7 (D. Colo. Oct. 24, 2023) (dismissing mandamus claim without prejudice after finding that the court had jurisdiction to hear the APA claim).

### D. Due Process Claim

Finally, Defendants argue that the due process claims must be dismissed because Plaintiff does not allege a protected interest. The Court agrees.

Government action violates procedural due process when it "deprives a person of life, liberty, or property without fair procedures." *United States v. Deters*, 143 F.3d 577, 582 (10th Cir. 1998) (citing *United States v. Salerno*, 481 U.S. 739, 747 (1987)). Substantive due process protects "a small number of 'fundamental rights' from government interference regardless of the procedures used." *Id.* For both types of due process claims, a plaintiff must first "demonstrate a property or liberty interest in the benefit for which protection is sought." *Painter v. Shalala*, 97 F.3d 1351, 1357 (10th Cir. 1996). Plaintiff has not done so.

Courts have consistently held that adult citizens do not have a constitutional interest in having their noncitizen parent immigrate to the United States. *See, e.g, Khachatryan v. Blinken,* 4 F.4th 841, 860 (9th Cir. 2021); *Oforji v. Ashcroft*, 354 F.3d 609, 618 (7th Cir. 2003) ("The law is clear that citizen family members of illegal aliens have no cognizable interest in preventing an alien's exclusion and deportation."); *Niknam v. U.S. Dep't of State*, Civil Action No. 23-cv-01380-PAB-SBP, 2024 WL 709636, at *5 (D. Colo. Feb. 21, 2024). Plaintiff alleges that the right to have federal law equitably enforced and the right to family unity are qualifying interests; however, Plaintiffs do not provide any support for these claims, and numerous courts have rejected these arguments. *See id.* Because Plaintiff has not identified a constitutionally protected interest sufficient to support a due process claim, this claim is dismissed.

## IV. CONCLUSION

Consistent with the above analysis, the Court GRANTS Defendant's Motion to Dismiss as to the Mandamus Act claim (claim 2) and the Due Process claim (claim 3). The Court DENIES the motion to dismiss as to the APA claim (claim 1).

DATED this 6th day of January 2025.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge